ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- | ) |
| | ) |
| DCX-CHOL Enterprises, Inc. | ) ASBCA Nos. 61636, 61637 |
| | ) |
| Under Contract Nos. N00104-10-C-FA09 | ) |
| N00104-06-C-FA67 | ) |

APPEARANCE FOR THE APPELLANT:   James S. DelSordo, Esq.
                                Argus Legal, PLLC
                                Manassas, VA

APPEARANCES FOR THE GOVERNMENT:  Craig D. Jensen, Esq.
                                 Navy Chief Trial Attorney
                                 Matthew S. Hawkins, Esq.
                                 Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE SWEET

These appeals challenge the government's default termination of two contracts to deliver sonar system subcomponents due to the failure of appellant DCX-CHOL Enterprises, Inc. (DCX-CHOL) to comply with the deadline for delivering first article testing samples. DCX-CHOL argues that three defenses—namely, the government's delays, constructive changes to the contracts, and waiver of strict compliance with the schedule—excuse that failure. The government moves to strike the delay and constructive change defenses, arguing that DCX-CHOL failed to present a delay or constructive change claim to the contracting officer (CO). The government also moves for summary judgment on the waiver defense.

Because DCX-CHOL did not present government delay and constructive change claims—as required by binding precedent—we do not possess jurisdiction over the delay and constructive change defenses. However, DCX-CHOL has raised a genuine issue of material fact suggesting that the government waived strict compliance with the sample delivery deadline. Therefore, we grant the government's motion to strike, and deny its summary judgment motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THESE MOTIONS

## I.   Factual Background

1. On August 2, 2006, the government and DCX-CHOL executed Contract No. N00104-06-C-FA67 (FA67 Contract) for Hull Penetrator Assemblies (R4, tab 1

at 1-2). On November 5, 2009, the government and DCX-CHOL executed Contract No. N00104-10-C-FA09 (FA09 Contract) for Electric Lead Assemblies (R4, tab 7 at 67-68). The Hull Penetrator Assemblies and Electric Lead Assemblies are components of Trident class submarine sonar systems (gov't mot., ex. 1, Palm decl. ¶ 3).

2. The FA09 Contract and the FA67 Contract (collectively, contracts) incorporated by reference Federal Acquisition Regulation (FAR) 52.249-8 DEFAULT (FIXED-PRICE SUPPLY AND SERVICE) (APR 1984), which allowed the government to terminate the contracts if DCX-CHOL failed to perform within the time specified in the contract (R4, tab 1 at 16; tab 7 at 81).

3. The contracts required first article testing (FAT) and approval (R4, tab 1 at 3; tab 7 at 69). The contracts, as modified, incorporated FAR 52.209-4 FIRST ARTICLE APPROVAL-GOVERNMENT TESTING (SEP 1989), which required DCX-CHOL to deliver FAT samples within 180 days (R4, tab 2 at 44; tab 8 at 124).

4. In a declaration, Tom Shafer—DCX-CHOL's Vice President and General Manager—declares that "[f]rom the award of the Contract in 2006 the Government repeatedly waived and ignored the Contract's schedule as awarded" (app. opp'n, ex. 1, Shafer decl. ¶ 5). Mr. Shafer also declares that "[g]iven the Government's practice of repeatedly waiving [the] delivery schedules over the 12-year life of the Contract, DCX-CHOL reasonably assumed that time was not of the essence" (id. ¶ 4). Finally, Mr. Shafer declares that he anticipates that, if deposed, government personnel would admit that they waived the delivery schedule over the life of the contracts (id. ¶ 7).

5. After several other modifications, the parties entered into bilateral modifications of the FA09 Contract and the FA67 Contract on March 23, 2018, and April 18, 2018, respectively (Modifications). The modifications extended the FAT sample delivery deadline to April 30, 2018 (Deadline), at no cost to either party. (R4, tab 5 at 53-54; tab 10 at 147-48) The modifications indicated that "[n]o equitable adjustments are authorized." The modifications did not state that the government would revive any waived strict schedule compliance requirements for the deadline. (Id.)

6. On April 21, 2018, DCX-CHOL notified the government that it had failed the FA09 Contract FAT (gov't mot., ex. 2, Kurek decl. ¶ 4, exs. A-B). DCX-CHOL did not successfully deliver a FA09 Contract FAT sample or test report by the deadline (Palm decl. ¶ 14).

7. On April 30, 2018, DCX-CHOL contacted the government to schedule the FA67 Contract FAT. DCX-CHOL sought a FA67 Contract FAT test date after the deadline. (Palm decl. ¶¶ 23-24; Kurek decl. ¶¶ 8-9, ex. C)

8. On May 11, 2018, the government terminated the contracts for default (R4, tabs 6, 11).

2

## II.   Procedural History

9. We find that based on the record DCX-CHOL did not present any claims to the CO.

10. On May 29, 2018, DCX-CHOL filed notices of appeal challenging the validity of the government's default terminations of the FA09 Contract and the FA67 Contract, which we docketed as ASBCA Nos. 61636 and 61637, respectively.

11. On July 2, 2018, DCX-CHOL filed complaints in ASBCA Nos. 61636 and 61637, which are substantially similar (collectively, compls.). The complaints allege that the default terminations were improper because three defenses excused DCX-CHOL's failure to comply with the Deadline (compls. at 3-4 ¶¶ 13-17). First, the complaints allege that government-caused delays in the manufacturing process impacted performance (*id.* ¶¶ 5, 13). Second, the complaints allege that the government constructively changed the contracts when it imposed new criteria (*id.* ¶¶ 6, 14). Third, the complaints allege that the government waived the strict schedule compliance requirements (*id.* ¶¶ 9, 14).

12. There has not been any discovery yet.

### DECISION

## I.   Motion to Strike

We do not possess jurisdiction over DCX-CHOL's delay and constructive change defenses. A jurisdictional prerequisite for filing an appeal with the Board under the Contract Disputes Act is that a contractor present a claim to the CO. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010). A default termination is not subject to the CO presentment requirement because it is a government claim. *Securiforce Int'l Am., LLC v. United States*, 879 F.3d 1354, 1363 (Fed. Cir. 2018). Moreover, a contractor need not present a claim to the CO in order to assert a common-law affirmative defense to a default termination—such as fraud or prior material breach. (*Id.* at 1362-63) However, "to the extent the affirmative defense seeks a change in the terms of the contract—for example, an extension of time or an equitable adjustment—it must be presented to the CO," (*id.* at 1363). Thus, "while all possible defenses need not be submitted to a contracting officer for a final decision, a contractor contesting...a default termination due to excusable delay must submit a claim for a time extension before appealing to the Board." *ECC Centcom Constructors, LLC*, ASBCA No. 60647, 18-1 BCA ¶ 37,133 at 180,713.

Here, DCX-CHOL did not present to the CO claims regarding the delay and constructive change defenses that it seeks to raise in these appeals (SOF ¶¶ 9, 11). That failure to present delay and constructive change claims to the CO prevents us

3

from exercising jurisdiction over the delay and constructive change defenses because those defenses seek a change to the terms of the contracts. *Securiforce*, 879 F.3d at 1363; *ECC Centcom*, 18-1 BCA ¶ 37,133 at 180,713. As a result, the government's motion to strike the delay and constructive change defenses is granted.[1]

## II.     Summary Judgment Motion

### A.     Standard of Review

Summary judgment is appropriate only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A material fact is one that may affect the outcome of the decision. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). There is a "genuine" dispute as to such a fact "if the evidence is such that a reasonable [fact-finder] could return a verdict for the nonmoving party." (*Id.* at 242)

### B.     DCX-CHOL Has Raised a Genuine Issue of Material Fact Regarding Whether the Government Waived the Strict Schedule Compliance Requirements

The government is not entitled to judgment as a matter of law because DCX-CHOL has raised a genuine issue of material fact regarding whether the government waived the strict schedule compliance requirements. When the government has administered a contract in such a way as to give a reasonably intelligent and alert opposite party the impression that the government has waived a contract requirement, the government cannot suddenly revive the requirement to the prejudice of a contractor that has changed its position in reliance upon the supposed waiver. *Gresham & Co. v. United States*, 470 F.2d 542, 555 (Ct. Cl. 1972). Here, Mr. Shafer declares that, from award, the government repeatedly waived the strict schedule compliance requirements, and that DCX-CHOL relied upon that waiver when it missed the deadline (SOF ¶ 4). That raises a genuine issue of material fact as to whether the government administered the contracts in such a way as to give a reasonably intelligent and alert opposite party the impression that the government waived the strict schedule compliance requirements, and whether the sudden revival of that requirement prejudiced DCX-CHOL.

The government first argues that DCX-CHOL cannot establish waiver because the government promptly terminated the contracts after DCX-CHOL missed the deadline (gov't mot. at 13-14 (citing *DeVito v. United States*, 413 F.2d 1147, 1154 (Ct. Cl. 1969)). While the waiver defense frequently involves showing that the

---

[1] As the government concedes, we possess jurisdiction over DCX-CHOL's waiver defense because that is a common-law affirmative defense (gov't reply br. at 5).

4

government failed to promptly terminate a delinquent contractor, it also may involve showing that the government permitted the contractor to deviate from contract requirements. John Cibinic, Jr., James F. Nagle, and Ralph C. Nash, Jr., ADMINISTRATION OF GOVERNMENT CONTRACTS, 69 (5th ed. 2016) (citing *Gresham*, 470 F.2d at 555). Here, DCX-CHOL raises the latter type of waiver defense by focusing upon the government's alleged history of failing to enforce the strict schedule compliance requirements, instead of upon any failure to promptly terminate after DCX-CHOL missed the deadline (SOF ¶¶ 4, 11). Therefore, even though the government promptly terminated the contracts after DCX-CHOL missed the deadline, the evidence that the government failed to promptly terminate the contracts earlier, when DCX-CHOL failed to comply with the strict schedule compliance requirements, raises a genuine issue of material fact as to whether the government waived the strict schedule compliance requirements.[2]

The government also argues that the Shafer Declaration is too vague to raise a genuine issue of material fact (gov't reply br. at 8). While the Shafer Declaration could have contained more detail, it is sufficient to raise a genuine issue of material fact at this early stage of the appeals—when there has not been any discovery yet (SOF ¶ 12). That is particularly true because Mr. Shafer has identified additional discovery that he anticipates may raise a genuine issue of material fact—namely the expected deposition testimony from government personnel admitting that they waived the strict schedule compliance requirements (SOF ¶ 4); *see also* FED. R. CIV. P. 56(d).

The government finally argues that the modifications "erased [DCX-CHOL's] ability to raise a pre-existing causes of delay" defense (gov't reply br. at 10 (quoting *Bulova Tech. Ordnance Sys., LLC*, ASBCA No. 57406, 14-1 BCA ¶ 35,521 at 174,097)). However, unlike in *Bulova*, the surviving defense here is not a pre-existing delay defense, but rather a waiver defense (SOF ¶ 11). While the modifications erased the pre-existing delay defense by prohibiting an equitable adjustment, they did not erase the waiver defense because they did not notify DCX-CHOL that the government would revive the strict schedule compliance requirements for the deadline (SOF ¶ 5).

In sum, DCX-CHOL has raised a genuine issue of material fact regarding whether the government waived the strict schedule compliance requirements. As a result, we deny the government's summary judgment motion.

---

[2] For the same reason, we deny the government's motion to limit discovery to the period between the deadline and the termination.

## CONCLUSION

For the reasons discussed above, we grant the government's motion to strike the delay and constructive change defenses. We deny the government's summary judgment motion.

Dated: July 11, 2019

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

JOHN J. THRASHER
Administrative Judge
Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 61636, 61637, Appeals of DCX-CHOL Enterprises, Inc., rendered in conformance with the Board's Charter.

Dated:

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals